[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#109)
The defendant, Roy Ervin, moves for summary judgment on the plaintiff's legal malpractice claim on the ground that the claim is premature and the plaintiff, Thomas Petraglia, currently has pending an "alternate and viable remedy for his injuries." The motion for summary judgment is denied on the ground that there are genuine issues of material fact which make summary judgment inappropriate in the present case. CT Page 1414-ZZ
The plaintiff alleges that on or before January 16, 1992, he retained the defendant attorney to prosecute a personal injury claim that arose out of a construction accident which occurred on November 6, 1991. The defendant commenced an action, Petraglia v. Benincasa Construction, Inc., Docket No. 306811, on behalf of the plaintiff. Named as defendants in that case are Benincasa Construction, Inc., an entity that may be the plaintiff's employer, and two other construction contractors.
The plaintiff alleges that on August 17, 1992, the defendant received a letter from Benincasa's workers' compensation insurer, Aetna, advising the defendant that he should file a workers' compensation claim on behalf of the plaintiff. The plaintiff alleges that because the defendant failed to file a notice of claim within one year of the date of the accident, as required by General Statutes § 31-294c, Aetna denied the claim for benefits. The plaintiff alleges that as a result of the defendant's negligence he lost his right to collect workers' compensation benefits.
On August 7, 1995, the defendant filed a motion for summary judgment (#109), supported by a memorandum of law, an affidavit of the defendant, a copy of the plaintiff's interrogatories, and a copy of excerpts from the plaintiff's deposition. On September 11, 1995, the plaintiff filed a memorandum in opposition and an affidavit.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any [issue of] material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . ."Miller v. United Technologies Corp., 233 Conn. 732, 744-45,660 A.2d 810 (1995).
In support of his motion for summary judgment, the defendant argues that the plaintiff did not qualify for workers' CT Page 1414-AAA compensation benefits because he was employed by Benincasa as an independent contractor, and therefore, he has viable common law causes of action against the various defendants in the Benincasa action. The defendant has failed to present any evidence in support of his claim that the plaintiff was an independent contractor, as opposed to an employee of Benincasa Construction, Inc. Thus, there is a genuine issue of material fact as to the plaintiff's status as an employee.
The genuine issue of material fact that exists in the present case is best summarized in a letter written and sent by the plaintiff's present attorney to the defendant, in which the plaintiff's attorney states: "As you well know, it is my claim that Mr. Petraglia was an independent contractor and is entitled to maintain a third-party action against Benincasa Construction Company. On the other hand, Benincasa claims in that lawsuit that Mr. Petraglia was an employee and his benefits are limitedto workers' compensation. Workers' compensation is no longer available to him because proper notice was not filed within one year of the date of his accident." (Emphasis added.) (See defendant's exhibit B.)
If the plaintiff was an independent contractor at the time of injury, then there would be no injury or damage to him as a result of the defendant's failure to timely file notice of claim with Benincasa's insurer, as the plaintiff would not be entitled to receive benefits. If this were the case, the present suit would not only be premature, but would be unnecessary. However, if as alleged in the complaint, the plaintiff was an employee of Benincasa, then he would have sustained an injury as a result of the defendant's failure to file a timely claim for workers' compensation benefits, as such failure would permanently foreclose the plaintiff from collecting such benefits from Benincasa. In such a situation, the plaintiff could not proceed directly against Benincasa, because as an employer, Benincasa would be immune from suit pursuant to General Statutes §31-284 (a).[1] Thus, the plaintiff's loss of the legal right to file a workers' compensation claim would constitute an actionable injury.
"A legal malpractice claim is `premature' if an alternate and viable remedy is available to the plaintiff on the underlying suit, regardless of the defendant attorney's alleged negligence." Neylan v. Pinsky, Superior Court, judicial district of New Haven, Docket No. 347072 (December 6, 1993, CT Page 1414-BBB Zoarski, J.), citing Heritage Square Associates v. Blum,
Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 117855 (July 21, 1992, Nigro, J.,7 CSCR 992). The defendant's argument that an alternative and viable remedy exists in the present case is speculative at best, as the argument depends upon the plaintiff's alleged status as an independent contractor in the Benincasa case.
As previously stated, the defendant has presented no evidence in support of his claim that the plaintiff is an independent contractor with a right to bring a common law tort action against Benincasa. Thus, the defendant has not presented any proof that the plaintiff has an alternative and viable remedy. Accordingly, there exists a genuine issue of material fact as to the existence of an "alternative and viable remedy" which precludes the entry of summary judgment which as previously noted is denied.
BALLEN, J.